UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY MASCIARELLI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2267 |
| | § | |
| WELLS FARGO BANK, N.A., *et al*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is a motion for summary judgment filed by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "defendants"). Dkt. 13. Plaintiff Kelly Masciarelli ("plaintiff") has not responded to the motion, and it will therefore be treated as unopposed.[1] After consideration of the motion, the record, and the applicable law, defendants' motion is **GRANTED**.

**I. LAW & ANALYSIS**

Defendants move for summary judgment on plaintiffs' claims for breach of contract, trespass to try title, and fraud, arguing that plaintiff lacks evidence to create a triable issue of fact for her claims. Dkt. 13 at 1. Defendants further contend that because plaintiff's substantive claims fail, she is not entitled to injunctive relief or attorneys' fees in this case. *Id.* at 9.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The movant bears the

---

[1] Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. TEX. L.R. 7.4.

initial burden of informing the court of evidence, if any, that demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the movant has discharged its initial burden does the burden shift to the nonmovant to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

The court draws all inferences in favor of the nonmovant. *Id.* at 255; *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). However, when the nonmovant fails to set forth specific facts, by affidavits or otherwise, to show that there is a genuine dispute for trial, summary judgment is appropriate. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir.1992). The court will not, "in the absence of any proof, assume that the [nonmovant] could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir.1995).

Plaintiff alleges three substantive claims in her original petition: (1) breach of contract; (2) trespass to try title; and (3) common-law fraud. Dkt. 1, Ex. B-2 (original petition) at 4–5. Plaintiff further seeks attorneys' fees and injunctive relief. *Id.* at 5–7. The court will address each matter in turn.

### A.  *Breach of Contract*

To establish a claim for breach of contract, plaintiff must provide evidence showing (1) a valid, enforceable contract; (2) plaintiff tendered performance; (3) defendant breached the contract;

and (4) the defendant's breach caused plaintiff injury. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). Defendants contend that although plaintiff is a party to the deed of trust, she has no evidence relating to the second, third, or fourth elements of her claim. Regarding the second element in particular, defendants present evidence that in November 2012 plaintiff stated in a letter that she would not fulfill her payment obligations until she received certain insurance proceeds. Dkt. 13, Ex. 7. The defendants have thus met their initial summary-judgment burden by showing a lack of evidence to support an element of plaintiff's claim, and the burden shifts to plaintiff, who must go beyond the pleadings and "come forward with specific facts indicating a genuine issue for trial." *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012). Lacking a response from plaintiff, she fails to meet this burden, and her breach of contract claim may not proceed to trial.

### B. Trespass to Try Title

To demonstrate trespass to try title, a plaintiff must: "(1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). Just as in a suit to quiet title, a plaintiff must "prevail on the superiority of his title, not the weakness of a defendant's." *Id.* Freddie Mac has presented evidence that it purchased the property at a valid foreclosure sale, and it has a superior title claim to plaintiff out of a common source. As plaintiff has not responded with any evidence of a superior title claim by a chain of transfers, limitations, or prior possession, she has not met her summary-judgment burden, and her claim may not proceed. *Moreno*, 667 F.3d at 550.

### C. *Common-Law Fraud*

To establish a common-law fraud claim, plaintiff must prove: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker make the representation with the intent that the other party should act upon it; (5) the other party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Plaintiff alleges in her complaint that Wells Fargo falsely told plaintiff that it would honor the existing loan agreement if plaintiff complied with the terms and conditions of the loan agreement. Dkt. 1, Ex. B-2 at 5.

Defendants point to a lack of evidence relating to the alleged falsity of this purported statement, and they argue that in any case plaintiff failed to comply with the agreement by withholding payments from Wells Fargo. Dkt. 13 at 8 (citing *id.*, Ex. 7). Plaintiff has offered no evidence tending to show that the statement was indeed false when made, and thus her fraud claim fails on the merits.

### D. *Injunctive Relief & Attorneys' Fees*

Lastly, under Texas law, attorneys' fees in a breach of contract action and injunctive relief depend on viable substantive claims. *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Because all of plaintiff's underlying claims fail as a matter of law, her requests for injunctive relief and attorneys' fees likewise must be denied.

## II. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (Dkt. 13) is **GRANTED**.  The court will enter a separate final judgment consistent with this order.

It is so **ORDERED**.

Signed at Houston, Texas on July 22, 2014.

_____
Gray H. Miller
United States District Judge